STEVEN G. KALAR
Federal Public Defender
DANIEL P. BLANK
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA  94102
Telephone:  (415) 436-7700

Counsel for Defendant BURT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 15-0137 TEH |
| Plaintiff, | ) ) | DEFENDANT'S SENTENCING MEMORANDUM |
| v. | ) ) | |
| CRAIG PATRICK BURT, | ) ) | Honorable Thelton E. Henderson |
| Defendant. | ) ) ) | September 14, 2015 2:30 p.m. |

**ARGUMENT**

Defendant Craig Patrick Burt is pleased to concur with the calculation in the Presentence Report of the advisory guideline range of 121 to 151 months, which is consistent with the plea agreement of the parties under Federal Rule of Criminal Procedure 11(c)(1)(C).  However, while the U.S. Probation Officer recommends a mid-range sentence of 136 months, Mr. Burt respectfully submits that a low-end sentence of 121 months is warranted, chiefly due to his extraordinarily poor health.

The charges in this case of receipt of child pornography and travel with intent to engage in illicit sexual conduct are extremely serious.  Mr. Burt has fully and promptly accepted responsibility for his conduct.  Specifically Mr. Burt, who has a long history of charitable works with his church at home and overseas, succumbed to temptation in connection with minor girls in the Philippines.  Mr. Burt requested and received sexually explicit photographs of these girls and made plans to have contact with them in the Philippines.  Sadly, email records show that the

SENTENCING MEMORANDUM

woman in the Philippines who reached out to Mr. Burt, offering the photographs and the contact with the girls, was similarly pandering them to other men. PSR ¶ 6. Mr. Burt traveled to the Philippines but did not ultimately meet any minor girls there. *Id.* ¶ 24.

Mr. Burt, age 60, has generally lived a productive life, working in the sheet metal industry since 1978. *Id.* ¶ 96. Mr. Burt has no prior convictions for child pornography or sex crimes of any kind. In fact, Mr. Burt does not have any prior convictions at all that are recent enough to count under the guidelines for criminal history points. Prior to the age of 40, Mr. Burt did suffer three misdemeanor convictions for driving under the influence of alcohol and one misdemeanor contempt conviction, all of which yielded probationary sentences (with 30 and fifteen days jail respectively on the latter two), and, at the age of 21, one felony conviction for possession of controlled substances for sale, for which he was sentenced to twelve months jail. *Id.* ¶¶ 57-61. At age 41, Mr. Burt was convicted of being a felon in possession of a firearm, and sentenced to probation and six months jail. *Id.* ¶ 62. Since then, Mr. Burt has suffered one misdemeanor conviction for disturbing the peace, for which he was sentenced to probation with four days jail. *Id.* ¶ 63. Clearly, Mr. Burt is not entirely bereft of criminal history. Nevertheless, it is significant that Mr. Burt has never before been convicted or even accused of any child pornography or sex crime of any kind.

Most significant for the Court's consideration, it is respectfully submitted, is Mr. Burt's extraordinarily poor health. Since 2013, Mr. Burt has suffered three heart attacks and currently has a permanent pacemaker. *See id.* at ¶ 85; *see also* PSR Recommendation at 2. Unfortunately, in June 2015, Mr. Burt has to be rushed to the hospital as a result of losing consciousness while in custody due to problems with that pacemaker. *Id.* ¶ 86. Moreover, Mr. Burt suffers from "debilitating" back pain due a spinal deformity as a result of a birth defect. *Id.* **Because of the strict limits on types and dosages of pain medications that are available while in custody, Mr. Burt is now in excruciating pain from his back virtually all day, every day, and will remain so throughout his term of imprisonment.** Mr. Burt also has a history of employment-related injuries to his right arm and right knee. *Id.* In addition, Mr. Burt suffered a head injury after being hit by a baseball bat when he was the victim of a road-rage incident in 2010. *Id.*

In light of the seriousness of the offense, Mr. Burt is not seeking a downward departure or a downward variance under the factors of 18 U.S.C. § 3553(a) below the guideline range of 121 to 151 months. Nevertheless, Mr. Burt respectfully submits that a sentence of 121 months, at the low-end of that range, is "sufficient, but not greater than necessary, to comply with the purposes" of the sentencing statute. 18 U.S.C. § 3553(a). Mr. Burt has never before been sentenced to any term greater than 12 months in custody. A sentence of 121 months imprisonment here would be ten times that amount. Anything more than that would be "greater then necessary" under the circumstances, in particular Mr. Burt's extraordinarily poor health.

## CONCLUSION

For the aforementioned reasons, the Court should sentence Mr. Burt to a term of imprisonment of 121 months.

Dated: August 31, 2015

Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender

/s/
_____
DANIEL P. BLANK
Assistant Federal Public Defender